## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

DANNY E. MCDOWELL,

      Plaintiff,

v.

WAYNE COUNTY, ET AL,

      Defendants.

_____/

Case No. 2:25-cv-12095

Hon. Brandy R. McMillion

## OPINION AND ORDER PARTIALLY DISMISSING COMPLAINT (ECF No. 1)

Plaintiff, Danny E. McDowell, is a pretrial detainee at the Wayne County Jail. Plaintiff filed a lengthy hand-written Complaint under 42 U.S.C. § 1983 against seventy-six defendants challenging the conditions of his confinement on multiple grounds. In screening the Complaint, the Court has found that many defendants are not properly a part of this action. Therefore, the Complaint will be **PARTIALLY DISMISSED** for misjoinder, failure to state a claim, and lack of jurisdiction; but will proceed as set forth in detail below.

## I.

Plaintiff has been granted leave to proceed in forma pauperis. ECF No. 19. The Prison Litigation Reform Act ("PLRA") authorizes the Court to *sua sponte* dismiss a prisoner complaint before service on a defendant if it determines that the

1

action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

Courts liberally construe *pro se* civil rights complaints. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted). Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

To state a federal civil rights claim, a plaintiff must allege that he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States by a person acting under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-156 (1978). However, a complaint can be dismissed "on the basis of an affirmative defense if the facts conclusively establish the defense as a matter of law." *In re McKenzie*, 716 F.3d 404, 412 (6th Cir. 2013).

Under Rule 21 of the Federal Rules of Civil Procedure, the Court may at any time, with or without motion, add or drop a party for misjoinder or nonjoinder. Fed. R. Civ. P. 21.

## II.

The Complaint lists seventy-six defendants:

(1) Wayne County (¶ 10)[1]
(2) Raphael Washington, Wayne County Sheriff (¶ 12)
(3) Robert Dunlap, Wayne County Chief of Jails (¶ 13)
(4) Mike Jaafar, Undersheriff (¶ 14)
(5) Pamela Donoho-Rose, Jail Service Specialist (¶ 15)
(6) Lisa Knox, Jail Service Specialist (¶ 16)
(7) Jonathan Turner, Jail Service Specialist (¶ 17)
(8) Anthony Boyer, Jail Service Specialist (¶ 18)
(9) Unknown Ramsey (John Doe 1), Director Wayne County Sheriff (¶ 19) (10) Tonia Williams, Mailroom Clerk (¶ 20)
(11) Sgt. Unknown Dwyer (Jane Doe 1)[2] (¶ 21)
(12) Dep. Unknown Mitchell (John Doe 3) (¶ 22)
(13) Capt. Bryan Twinn (¶ 23) (commander of Mitchell)
(14) Sgt. Uknown Holman (John Doe 4) (¶ 24) (commander of Mitchell)
(15) Naphcare Inc. (¶ 25)
(16) Dep. Unknown Tanana (John Doe 5) (¶ 26)
(17) Dep. Unknown Streete (John Doe 6) (¶ 27)
(18) Sgt. Unknown Mazolum (John Doe 7) (¶ 28)
(19) Freeman Group (¶ 29)
(20) Unknown Mailroom Clerk (¶ 30)
(21) Cierra Crawford, Dir. Internal Compliance (¶ 31)
(22) Lynnette O. Cain, Dept. Chief WCJ (¶ 32)
(23) Nicholas Dombrowski, Law Librarian (¶ 33)
(24) Unknown Morris, nurse (Jane Doe 2) (¶ 34)
(25) Jason Mason, Wayne Circuit Judicial Assistant (¶ 35)
(26) Sgt. Unknown Andrews (Jane Doe 3) (¶ 36)

---

[1] Citations are to the numbered paragraphs in the Complaint (ECF No. 1).
[2] Throughout the Complaint, unhelpfully, Plaintiff sometimes refers to the same defendant by their name and sometimes by a numbered John or Jane Doe designation.

(27) Summit Commissary (¶ 37)

(28) Unknown Love, Summit Employee (¶ 38)

(29) Sgt. E. Tech (John Doe 8) (¶ 39)

(30) Sgt. J. Smith (John Doe 9) (¶ 40)

(31) Cpl. J. Stokes (John Doe 10) (¶ 41)

(32) Dep. C. Moore (John Doe 11) (¶ 42)

(33) Dep. L. Chapman (John Doe 12) (¶ 43)

(34) R. Hachem (John Doe 13) (¶ 44)

(35) Unknown Griffin, (Jane Doe 5) (¶ 45)

(36) Dep. Yoneti Haston (¶ 46)

(37) Detroit Receiving Hospital (DRH) (¶ 47)

(38) Detroit Medical Center (DMC) (¶ 48)

(39) Dr. Unknown Parker (Dr. 1) (DRH/DMC) (¶ 50)

(40) Doctor 2, (DRH/DMC) (¶ 51)

(41) Doctor 3, (DRH/DMC) (¶ 52)

(42) Doctor 4, (DRH/DMC) (¶ 53)

(43) Doctor 5, (DRH/DMC) (¶ 54)

(44) Doctor 6, (DRH/DMC) (¶ 55)

(45) Jacquline Amalfirano, Naphcare Dir. Mental Health (¶ 57)

(46) Dr. Unknown Fishrey, (Dr. 7), (Naphcare) (¶¶ 58, 196)

(47) Michelle Boehmer, WCSD (¶ 59)

(48) Dr. Unknown Reeves (Dr. 8) (Naphcare) (¶ 60)

(49) Nurse Unknown Ali, Naphcare (Jane Doe 6) (¶ 61)

(50) Nurse Unknown 2, Naphcare (Jane Doe 7) (¶ 62)

(51) Unknown Lohine (Jane Doe 8) (¶ 63)

(52) ILLEGIBLE (Jane Doe 9) (¶ 64)

(53) Nurse Unknown 3, Naphcare (Jane Doe 10) (¶ 65)

(54) Nurse Unknown 4, Naphcare (Jane Doe 11) (¶ 66)

(55) Dep. Unknown Verkennan (John Doe 14) (¶ 68)

(56) Unknown Allen (John Doe 15) (¶ 69)

(57) Unknown Cox (John Doe 16) (¶ 70)

(58) Unknown Cannon (John Doe 17) (¶ 71)

(59) Unknown Illegible (John Doe 18) (¶ 72)

ILLEGIBLE (¶¶ 73-75)

(60) Sgt. Unknown Cook (John Doe 19) (¶ 76a)

(61) Dep. Joshua Nutter (¶ 76b)

(62) Dept Unknown Herron (John Doe 21) (¶ 77)

(63) ILLEGIBLE (Jane Doe 11) (¶ 78)

(64) Cmdr. Karmen Ramirez (¶ 79)

(65) Lt. Jeffery Boyle (¶ 80, 153)

(66) Cpl. Unknown Jones (Jane Doe 12) (¶ 81)
(67) Lt. Unknown McKay (Jane Doe 13) (¶ 82)
(68) Lt. D. Watts (John Doe 22) (¶ 83)
(69) Cpl. Unknown, Transport (John Doe 23) (¶ 84)
(70) Cpl. Unknown, Transport (John Doe 24) (¶ 85)
(71) Brittney Record, Naphcare Mental Health Professional (¶ 86)
(72) Dep. Unknown Crawford (John Doe 24) (¶ 87)
(73) Lt. Unknown Rose (John Doe 25) (¶ 88)
(74) Joseph Barnhart, Dir. Maintenance, WCSD, (¶ 89)
(75) Dep. Unknown St. John (John Doe 26), (¶ 90)
(76) Unknown Wayne County Board Members, (¶ 91)

At the outset, the Court notes that Plaintiff's Complaint indicates that he suffers from severe mental illness, and the Complaint is written in pencil and is not amenable to adequate scanning. These factors make it difficult to discern what is written in several parts of the Complaint. However, the Court has done its best to review what it can to narrow the issues before this Court and make sure that it evaluates only issues properly before the Court.

In broad outline, Plaintiff asserts that during his entire time as a pretrial detainee at the Wayne County Jail defendants have: (1) enforced illegal policies that have hampered his efforts to pursue another civil rights suit and to defend himself at his state criminal proceeding,[3] (2) used excessive force on multiple occasions, (3)

---

[3] Plaintiff faces first-degree sexual conduct and other serious felony charges in the Wayne Circuit Court in *People v. McDowell*, No. 23-004652-01-FC. Proceedings appear to have become protracted, at least in part due to the volume of pro se motions filed by Plaintiff and by a competency referral. (Docket accessible at https://www.3rdcc.org/odyssey-public-access-(opa)).

Plaintiff also filed another section 1983 action in this Court, *McDowell v. Washington*, No. 24-cv-10382, claiming: (1) a denial of recreational time and access to the court, (2) a John Doe defendant

enforced illegal policies implemented at the jail in deliberate indifference to his mental health and other medical needs, (4) engaged in acts of unlawful retaliation, (5) violated due process at disciplinary and grievance proceedings, (6) maintained unsanitary and unhealthy living conditions at the jail, and (7) prevented him from complying with his religious diet.

## A.    INTERFERENCE WITH LEGAL PROCEEDINGS[4]

First, Plaintiff asserts that policies adopted and enforced at the Wayne County Jail have hampered his ability to defend himself in his criminal proceeding and have prejudiced his ability to maintain his other civil action filed in this Court.  He claims that the policies: (1) prohibit prisoners from making copies of legal materials, (2) limit access to paper, pencils, envelopes, and postage, (3) cause a 7-10-day delay in the receipt of legal mail, (4) maintain an inadequate legal law library, (5) discontinue notary and certified mail services, and (6) prevent prisoners from obtaining certified trust account statements necessary to comply with IFP rules. (¶¶ 96-100, 117, 121-23, 128, 131, 162).

---

failed to timely deliver legal mail, and (3) a John Doe defendant restricted his ability to file grievances.  *See* No. 24-10382 (ECF No. 46, PageID.387).  The John Doe defendants were dismissed in November 2024.  *Id.* (ECF Nos. 34 and 37).  An R&R issued on July 8, 2025, recommending that the remaining defendants' motion for summary judgment be granted. *Id.* (ECF No. 46.)  Plaintiff did not file objections, and one of the claims in the instant action asserts that defendants delayed delivery of the R&R to prevent him from objecting.  *See* ECF No. 1, PageID.51, 59-60 (¶¶ 128, 143-44).

[4] For screening purposes under the PLRA, the Court will briefly summarize the factual allegations contained in the Complaint by rearranging them topically and identifying which defendants are alleged to be associated with which claims.

Plaintiff asserts that defendants Wayne County (¶¶ 95, 121-23, 128 162), Washington (¶¶ 95, 128, 162), Dunlap (¶¶ 95, 108, 128, 162), Jaafar (¶¶ 95, 128, 162), Crawford (¶¶ 95, 104, 162), Dombrowski (¶ 95), Wayne County Board members (¶¶ 95, 128), Cain (¶ 128), Freeman Group (¶ 128), Williams (¶ 128), Summit (¶ 162), and Knox (¶ 162) all had a hand in creating one or more of these policies.   The Complaint associates defendants Dombrowski (¶ 101), Donho-Rose (¶ 102), Love (¶¶ 107, 117-18), Dwyer (¶ 109), Knox (¶¶ 110, 163), Andrews (¶ 112), Streete (¶ 112), Jannina (¶ 112), Mazolum (¶ 112), Watts (¶ 113), Summit (¶¶ 117-18), Mitchell (¶¶ 133-34), and Mason (¶¶ 140, 148), with incidents where the polices were enforced against him.

In a similar vein, Plaintiff asserts that his prisoner trust fund account has been disabled in a way that prevents his family from depositing funds into it, and that defendants Summit, Love, and Ramsey are aware of or responsible for the problem. (¶¶ 118-119).

Finally, Plaintiff asserts that a laptop and/or flash-drive that contained exculpatory evidence related to his criminal case was tampered with or destroyed by defendants Ramirez and Boyle. (¶¶ 153, 156-158, 160-61.)

## B. EXCESSIVE FORCE AND ILLEGAL SEGREGATION

Throughout the Complaint Plaintiff describes multiple incidents where excessive force was used by defendants while wrongfully transporting him to

segregation.  The incidents are alleged to have occurred mainly after what Plaintiff would describe as acts of protest – arguing with jail employees, flooding his cell, throwing food, or engaging in acts of self-harm.  He describes incidents of excessive force in which he mentions defendants: Mitchell (¶¶ 129, 135), Twinn (¶ 129), Holman (¶ 129), Smith (¶¶ 189, 206), Hachem (¶ 189), Stokes (¶ 189), Moore (¶ 189), Chapman (¶ 189), Haston (¶ 189), Tech (¶¶ 189, 206-07), Cook (¶ 196), Nutter (¶ 196), Herron (¶ 196), and St. John (¶¶ 207-08).

He similarly asserts that, apart from the excessive force used, his transfer to segregation was the unlawful result of actions taken by defendants Andrews (¶¶ 112, 165, 200), Streets (¶¶ 112, 165), Tanana (¶¶ 112, 165), Mazlolum (¶ 112, 165), Turner (¶ 165), Nutter (¶¶ 165, 208), Boyer (¶ 165), Tech (¶ 208), St. John (¶ 208), Cook (¶ 208), and Herron (¶ 208).

## C.    DELIBERATE INDIFFERENCE

The Complaint also describes multiple incidents in which Plaintiff asserts that defendants were deliberately indifferent to serious medical or mental health needs that he claims are due to the policies at the jail.  In one category of claims, Plaintiff asserts that defendants acted with indifference to the mental health of inmates, and in particular to his suicidality.  In another category of claims, Plaintiff describes events where defendants were indifferent to a serious self-inflicted wrist injury from a suicide attempt and to injuries suffered after incidents of excessive force.

Plaintiff makes allegations of deliberate indifference to mental health and suicide prevention that involve the following defendants: Washington (¶¶ 170-83), Dunlap (¶¶ 170-83), Wayne County (¶¶ 172-83), Wayne County Board members (¶¶ 172-83), Hachem (¶¶ 188-89), Griffin (¶ 188), Ali (¶ 192a), Jane Doe 7 (¶ 192), Lohine (¶ 192), Jane Doe 9 (¶ 192), Jane Doe 10 (¶ 192), Jane Doe 11 (¶ 192, 196), Fishrey (¶ 196), Amalfirano (¶ 196), Record (¶ 196), Boehmer (¶ 196), Tech (¶ 206), and Smith (¶ 206).

He makes allegations of deliberate indifference to his wrist injury and injuries resulting from excessive force that involve: DMC/DRH (¶ 191), Dr. 1 (¶ 191), Dr. 2 (¶ 191), Dr. 3 (¶ 191), Dr. 4, (¶ 191), Dr. 5 (¶ 191), Dr. 6 (¶ 191), Dr 8. (¶ 192), Boehmer (¶ 191), Reeves (¶ 192a), Ali (¶ 192a), Jane Doe 7 (¶ 192), Lohine (¶ 192), Jane Doe 9 (¶ 192), Jane Doe 10 (¶ 192), Jane Doe 11 (¶ 192), Morrow (¶ 137), Morris (¶¶ 137-38), Naphcare (¶¶ 137-38), Tech (¶ 209), Smith (¶ 209), and St. John (¶ 209.)

Finally, it should be noted that Plaintiff claims that defendants Washington, Dunlap, Amalfirano, and Rose violated the Emergency Medical Treatment and Labor Act (EMTALA), 42 U.S.C. § 1395dd. (¶ 191).

## D. RETALIATION

The Complaint makes numerous allegations of retaliation. The asserted protected conduct largely consists of claims that Plaintiff filed legitimate grievances

and complaints. The asserted retaliatory conduct consists of claims that defendants falsely initiated disciplinary charges, hampered his ability to file Complaints and grievances, placed him in segregation, used excessive force, and attempted to incite other inmates to attack him.

The defendants Plaintiff accuses of engaging in acts of retaliation include: Summit (¶¶ 117-18), Love (¶¶ 117-18), Mitchell (¶ 134), McKay (¶ 187), Andrews (¶ 187), Record (¶ 200), Rose (¶¶ 201-03), Tech (¶¶ 201-03, 207), Griffin (¶ 201-03), Crawford (¶¶ 201-03), John Doe 24 (¶ 203), Cook (¶ 203), Boehmer (¶ 207), Smith (¶ 207), Jones (¶¶ 186, 188), and St. John (¶ 219).

## E.   DUE PROCESS VIOLATIONS

Also scattered throughout the Complaint, Plaintiff asserts that disciplinary hearings and grievance complaints have been handled or reviewed by the following defendants without due process: Holman (¶ 134), Twinn (¶ 134), Turner (¶ 166), Nutter (¶ 167), Boyer (¶¶ 167, 203), Donho-Rose (¶¶ 198, 204, 212-15), Dunlap (¶ 198), and St. John (¶ 210). Similarly, Plaintiff asserts that he was reclassified to maximum security without due process by defendants Dunlap (¶ 216), Crawford (¶ 216), Boehmer (¶ 216), Naphcare (¶¶ 216-217), Record (¶ 216), and Washington (¶¶ 216-217).

## F.    POOR CONDITIONS AT JAIL

Plaintiff complains about the physical condition of various units at both Wayne County Jail facilities, asserting that they are unsanitary and have poor air circulation and improper lighting.   He asserts that defendants Washington and Dunlap are responsible for conditions at the facilities. (¶¶ 168, 184, 220-22).

## G.    FREE EXERCISE OF RELIGION

Plaintiff asserts that he was denied his right to be provided with meals compatible with his religious beliefs by defendants Streete (¶¶ 192-93), Verkennan (¶ 193), Cannon (¶ 193), and John Doe 18 (¶ 192).

## H.    REQUEST FOR RELIEF

Plaintiff seeks: (1) a declaratory judgment that the complained of actions by the defendants are illegal and unconstitutional; (2) a TRO, preliminary injunction, and permanent injunction prohibiting defendants from interfering with Plaintiff's exercise of his religion, access to the courts and exercising his rights to self-representation through the enforcement of the aforementioned policies, denying Plaintiff necessary medical and mental health care, housing him in maximum security, and subjecting him to harassment and physical violence; (3) compensatory damages; (4) punitive damages; (5) costs; (6) expedited review; and (7) any other relief deemed proper by the Court.

## III.

### A.    MISJOINDER

Plaintiff names seventy-six defendants and raises seven categories of claims. The Complaint covers the entire multiple-year period he has spent as a pretrial detainee at the Wayne County Jail and appears to raise claims regarding nearly every person he has encountered at the jail, and it appears to complain about every alleged negative policy, condition, or event that he has experienced.   But the question becomes – can he do so in a single action?  And the answer is "No."

The joinder of claims, parties, and remedies is strongly encouraged where appropriate in the interest of judicial economy and fairness.  Federal Rule of Civil Procedure 20(a), however, limits the joinder of parties in a single lawsuit, and Federal Rule of Civil Procedure 18(a) limits the joinder of claims.  Rule 20(a)(2) governs when multiple defendants may be joined in one action: "[p]ersons ... may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."  Rule 18(a) states: "A party asserting a claim ... may join, as independent or alternative claims, as many claims as it has against an opposing party."

Courts have recognized that, where multiple parties are named, the analysis under Rule 20 precedes that under Rule 18:

> Rule 20 deals solely with joinder of parties and becomes relevant only when there is more than one party on one or both sides of the action. It is not concerned with joinder of claims, which is governed by Rule 18. Therefore, in actions involving multiple defendants Rule 20 operates independently of Rule 18. . .

> Despite the broad language of Rule 18(a), plaintiff may join multiple defendants in a single action only if plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all.

7 Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure § 1655 (3d ed. 2001), quoted in *Pace v. Timmermann's Ranch and Saddle Shop Inc.*, 795 F.3d 748, 754 n.10 (7th Cir. 2015), and *Proctor v. Applegate*, 661 F. Supp. 2d 743, 778 (E.D. Mich. 2009); *see also United States v. Mississippi*, 380 U.S. 128, 142-43 (1965) (discussing that joinder of defendants is permitted by Rule 20 if both commonality and same transaction requirements are satisfied).

When determining if claims arise from the same transaction or occurrence, a court may consider a variety of factors, including, "'the time period during which the alleged acts occurred; whether the acts ... are related; whether more than one act ... is alleged; whether the same supervisors were involved, and whether the defendants were at different geographical locations.'" *Proctor*, 661 F. Supp. 2d at 778 (internal quotation marks omitted).  The Court looks to the first defendant named

in the Complaint and then looks to see if there is at least one claim against each additional defendant that is transactionally related to the claims raised against the first defendant. *See, e.g., Shivers v. Johnston*, 2022 WL 16706842, at \*4 (W.D. Mich. Nov. 4, 2022) ("The analysis of joinder must start somewhere. There must be a first defendant and claim to permit the Court to determine whether joinder is proper.").

The first defendant named in the Complaint is Wayne County. Plaintiff makes two sets of claims against Wayne County. First, Plaintiff asserts that Wayne County is responsible for the various policies at the jail that hamper his efforts in his criminal and civil cases. (¶¶ 95, 121-23, 128, 162-63). Arguably transactionally related to these claims are the allegations mentioning the other defendants that involve the creation or enforcement of these policies, and the claim that defendants Ramirez and Boyle destroyed exculpatory evidence related to his criminal case.

That encompasses twenty-four defendants: Washington (¶¶ 95, 128, 161-62), Dunlap (¶¶ 95, 108, 128, 161-62), Jaafar (¶¶ 95 128 162), Crawford (¶¶ 95, 104, 161-62), Dombrowski (¶ 95, 101), Wayne County Board members (¶¶ 95, 128), Cain (¶ 128), Freeman Group (¶ 128), Williams (¶ 128), Summit (¶ 117-19, 162), Knox (¶ 110, 162-63), Donho-Rose (¶ 102), Love (¶¶ 107, 117-19), Dwyer (¶ 109), Andrews (¶ 112), Streete (¶ 112), Jannina (¶ 112), Mazolum (¶ 112), Watts (¶ 113),

Mitchell (¶¶ 133-34), Mason (¶¶ 140, 148), Ramsey (¶¶ 118-119), Ramirez (¶¶ 153, 156-158, 160-61), Boyle (¶¶ 153, 156-158, 160).

The second set of claims against Wayne County concerns the alleged polices at the jail related to suicide prevention and the treatment of prisoners suffering from mental illness and other medical conditions. (¶¶ 174, 177-78). Transactionally related to these claims are the allegations that mention the other defendants in connection to acts of deliberate indifference. Those allegations are associated with the following defendants: Washington (¶¶ 170-83), Dunlap (¶¶ 170-83), Wayne County board members (¶¶ 172-83), Griffin (¶ 188), Hachem (¶¶ 188-89), Hollis (¶ 192), Ali (¶ 192), Jane Doe 7 (¶ 192), Lohine (¶ 192), Jane Doe 9 (¶ 192), Jane Doe 10 (¶ 192), Jane Doe 11 (¶ 192, 196), Fishrey (¶ 196), Amalfirano (¶ 196), Record (¶ 196), Boehmer (¶ 191, 196), Tech (¶ 206, 209), Smith (¶ 206, 209), DMC/DRH (¶ 191), Dr. 2 (¶ 191), Dr. 3 (¶ 191), Dr. 4, (¶ 191), Dr. 1 (¶ 191), Dr. 5 (¶ 191), Reeves (¶ 192), Ali (¶ 192), Morrow (¶ 137), Morris (¶¶ 137-38), Naphcare (¶¶ 137-38), and St. John (¶ 209).[5]

The Court finds that the claims made against the other defendants are not sufficiently transactionally related to warrant joinder. Many of these other

---

[5] The Court notes that the Complaint includes state-law claims regarding medical care against non-state actors DMC/DRH and John/Jane Doe health providers. However, the Court declines to exercise supplemental jurisdiction over these claims, so these defendants are dismissed from this action. This would include DMC/DRH (¶ 191), Dr. Unknown Parker (Dr. 1), Dr. 2 (¶ 191), Dr. 3 (¶ 191), Dr. 4, (¶ 191), Dr. 1 (¶ 191), Dr. 5 (¶ 191). Accordingly, each of these Defendants are **DISMISSED**.

defendants are alleged to have used excessive force.  While Plaintiff may attempt to link the incidents by generally asserting that it was often his Complaints or protests about the polices that led to the incidents of excessive force, litigating the excessive force claims themselves would involve an entirely different set of witnesses and evidence.  Claims challenging institutional policies limiting the ability of prisoners to access the courts or medical care are distinct from claims regarding particular incidents of excessive force.

Plaintiff also claims that many of the defendants engaged in acts of unlawful retaliation for his various complaints.  As with the claims of excessive force, these claims are not transactionally related to the claims against Wayne County.  Litigating each individual claim of retaliation would involve a different set of witnesses and evidence distinct from Plaintiff's challenge to Wayne County's policies related to access to the courts and medical care.  So too, Plaintiff's claims with respect to alleged due process violations at disciplinary and grievance proceedings, the maintenance of unsanitary and unhealthy living conditions at the jail, and the claims related to Plaintiff's religious diet.  The claims against the defendants alleged to have committed those violations are not transactionally related to the two claims Plaintiff makes against Wayne County.

Lest this approach be regarded as overly narrow, the Court believes that allowing Plaintiff to proceed against all the named defendants on all his claims in a

single case would not serve the interests of justice.  As the Court noted in *Proctor*, "[p]ermitting all of these claims to go forward as a group would be, at best, unwieldy and impossible to manage…." 661 F.Supp.2d at 781-82.  There is no practical way that Plaintiff, proceeding *pro se*, could maintain the sort of omnibus action he filed. The approach taken here will be difficult enough a task, but it will nevertheless allow Plaintiff to proceed with what he views as his lead claims.

The Court finally notes that permitting improper joinder of parties or claims in a prisoner civil rights action also undermines the purpose of the PLRA, which was to reduce the large number of frivolous prisoner lawsuits that were being filed in the federal courts.  *See Riley v. Kurtz*, 361 F.3d 906, 917 (6th Cir. 2004).

## B.    REMAINING DEFENDANTS

Although the aforementioned defendants were properly joined, the Court must nevertheless determine whether Plaintiff states a claim against each of them.  For the reasons that follow, the Court finds that Plaintiff fails to state a claim against many of the remaining defendants.

### 1. Insufficient Factual Allegations of Personal Involvement

A complaint fails to state a claim when its factual allegations—even when assumed true—do not "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  And it is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants.  *Id.*, 550 U.S. at 555-61 (holding that, to state a

claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights).

With respect to the following defendants, Plaintiff fails to assert facts with specificity showing that they were personally involved in the alleged violations regarding the policies interfering with his legal proceedings:

In paragraphs 110 and 162-63, Plaintiff asserts that defendant Knox told him that he would not be receiving any more legal copies or pencils from the commissary, and that he would not be receiving a certified account statement. But no facts are asserted or even suggested in the Complaint that Knox played a role in creating these polices or enforcing them. The allegations, instead, suggest that Knox was one of the individuals who simply informed him of the policies.

Similarly, in paragraph 102, Plaintiff asserts that he spoke with defendant Donho-Rose about the complained of policies, but he does not assert any active conduct on the part of that defendant.

In paragraph 112, Plaintiff describes an incident where defendants Andrews, Streete, Jannina, and Mazolum were present when he was taken to segregation. When Plaintiff returned, he was missing pencils necessary to work on his cases from his property. The Court does not interpret this paragraph, however, as suggesting that these defendants are the ones who removed Plaintiff's supplies from his property.

Paragraph 113 contains a similar allegation. Plaintiff asserts that defendants Watts was present when his property was returned to him without his pencils, but the Court does not interpret the paragraph as alleging that Watts removed his supplies. These defendants, though associated with the complained of policies, will therefore be dismissed from the Complaint for failure to state a claim.

Additionally, with respect to the following defendants, Plaintiff fails to assert facts with specificity showing that they were personally involved in the alleged violations regarding the policies amounting to deliberate indifference to Plaintiff's suicidality or mental health:

In paragraphs 135-138, Plaintiff describes an incident of excessive force involving punches to his arm resulting in bruising. Plaintiff asserts that that he asked

defendant nurses Morrow and Morris for medical attention but was refused. (¶¶ 137-38).  He also asserts that defendant Naphcare inadequately responded to grievances regarding his denied request to care. (¶¶ 137-38).  The Complaints' allegations against these three defendants do not assert facts suggesting deliberate indifference to a sufficiently severe medical need nor to the existence of a conspiracy.  *See Blackmore v. Kalamazoo County*, 390 F.3d 890, 899 (6th Cir. 2004) (injuries such as minor cuts, minor lacerations, and swollen wrists from tight handcuffs are not a sufficiently serious condition for purposes of an Eighth Amendment deliberate indifference claim); *Kensu v. Haigh*, 87 F.3d 172, 175-76 (6th Cir. 1996) (allegation that defendants engaged in a conspiracy not pled with sufficient degree of specificity).  These defendants, therefore, will also be dismissed for Plaintiff's failure to state a claim against them.

### 2.  *Younger Abstention Doctrine and Immunity*

Plaintiff sues defendant Mason, who he asserts is a judicial attorney who works for the state trial court handling his criminal case.  The Complaint makes vague allegations that Mason conspired with other defendants to prevent the filing of some of the *pro se* motions in his criminal case. (¶¶ 140, 148).  Among other forms of relief, the Complaint seeks an injunction preventing defendants from interfering with his ability to defend himself in his criminal proceedings.  To the

extent this amounts to a request for an order compelling the state trial court to take certain actions in his criminal case, the Court will abstain from doing so.

In *Younger v. Harris*, 401 U.S. 37, 45 (1971), the Court held that federal courts should not enjoin pending state criminal proceedings except in a "very unusual circumstance" where an injunction is necessary to prevent "both great and immediate" irreparable injury. A court employs three factors to determine whether the *Younger* abstention doctrine should apply:

1. there must be pending or ongoing state judicial proceedings;

2. the proceedings must implicate important state interests; and,

3. there must be an adequate opportunity in the state proceedings to raise constitutional challenges.

*Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *GTE Mobilnet of Ohio v. Johnson*, 111 F.3d 469, 481 (6th Cir. 1997).

The first two factors are obviously present. Plaintiff is in the pretrial phase of a very serious felony criminal proceeding in the Wayne Circuit Court, and those proceedings quite clearly implicate important state interests. As for the third factor, Plaintiff has an opportunity in state to court to address any claims he has regarding his inability to adequately defend himself. The trial court docket sheet indicates that numerous *pro se* motions have indeed been accepted for filing. And contrary to Plaintiff's allegation, it appears that new counsel was appointed to represent Plaintiff

on January 30, 2025.  Since that date, the docket shows that the case has mostly involved competency proceedings.

Federal courts are directed to presume that the state courts are able to protect the interests of a criminal defendant.  *See Kelm v. Hyatt*, 44 F.3d 415, 420 (6th Cir. 1995).  As long as the state provides an opportunity to litigate his claims, abstention is required, even if a plaintiff fails to avail himself of this opportunity.  *Todd v. Home Ins. Co.*, 809 F. Supp. 30, 31-32 (E.D. Mich. 1992).  Because it appears Plaintiff has an adequate means of raising his claims regarding his ability to defend himself from the charges in the state criminal court itself, the Court will abstain from such a request for relief.  Additionally, because defendant Mason is entitled to absolute immunity for any allegations concerning his failure to accept *pro se* motions for filing, he is dismissed from the case.  *See generally, Bradley v. United States*, 84 F. App'x. 492, 493 (6th Cir. 2003) (judicial law clerk performing his judicial and quasi-judicial duties is immune from suit).

## IV.

Concurrent with the filing of the Complaint, Plaintiff also filed numerous motions.  *See* ECF Nos. 3-12, 17.  The Court has reviewed these motions and rules as follows:

- Motion to Order Custodians to Set Aside 20% of Plaintiff Future Deposition to Plaintiff's Account (ECF No. 3)

  **GRANTED**.  Plaintiff has been granted leave to proceed *in forma pauperis*, so the Court orders that agency having custody of Plaintiff to (1) withdraw or set aside the initial partial filing fee from Plaintiff's trust fund account; (2) forward this amount to the Clerk of this Court within thirty (30) days of the date of this Opinion and Order; and (3) in subsequent months, or from time to time, forward payments of twenty percent (20%) of the preceding month's income credited to Plaintiff's account to the Clerk of this Court until Plaintiff has paid the entire filing fee.

- Motion for Court to Order Wayne County Jail Custodians to Provide Plaintiff and this Court with True and Certified Trust Account Statements In Order for the Court to Grant Plaintiff's Permission to Proceed without Prepayment of Costs and Fees (ECF No. 4)

  **DENIED AS MOOT**.  The Court has already granted *Plaintiff in forma pauperis status*, so this motion is moot.

- Motion for Temporary Restraining Order (ECF No. 5)

  **DENIED WITHOUT PREJUDICE**.  The Court has noted that Plaintiff is required to file an Amended Complaint limited to the above-described claims.  The Court therefore will deny this motion without prejudice, to allow Plaintiff to determine if the request for temporary relief applies to the claims of relief in the Amended Complaint.

- Motion to Expedite Screening, Service, & Temporary Restraining Oder, Preliminary Injunction and Permanent Injunction (ECF No. 6)

  **DENIED AS MOOT**.  The Court has already screened the Complaint and is herein ordering the filing of an Amended Complaint.  The motion for TRO has been denied, rendering this motion moot.

- Motion to Identify unknown defendants through discovery (ECF No. 7)

  **GRANTED**.  The Plaintiff is entitled to use the 'John Doe' designation "when the identity of the alleged defendant is not known at the time the complaint is filed and plaintiff could identify defendant through discovery."  *Yates v. Young*, 772 F.2d 909 (6th Cir. 1985); *see also Palladeno v. Mohr*, No. 20-3587, 2021 WL 4145579, at *3 n.3 (6th Cir. Sept. 13, 2021) (citing *Yates* and noting that "[t]he presence of John Doe defendants is not fatal to a claim.").  But a "plaintiff must substitute named defendants for those unknown defendants after the completion of discovery."  *Strunk v. Liberty Ins. Corp.*, No. 5:18-CV-288-JMH, 2019 WL 724430, at *2 (E.D. Ky. Feb. 20, 2019) (quoting *Simmons v. District of Columbia*, 750 F. Supp. 2d 43, 45 (D.D.C. 2011)).

- Motion for Court to Order Defendants to Respond (ECF No. 8)

  **DENIED WITHOUT PREJUDICE**.  The Court is ordering Plaintiff to file an Amended Complaint, and therefore the Court can reevaluate this request at a later date, if necessary.  Upon the filing of the Amended Complaint and after screening, the Court will determine what service is needed and the time in which Defendants have to respond, once properly served.

- Motion for a Court Order Directing Jail Officials to Provide Copies (ECF No. 9)

     **DENIED WITHOUT PREJUDICE**.   As the Court is ordering Plaintiff to file an Amended Complaint, copies of service documents are unnecessary at this time.   Until the Court has an opportunity to screen the Amended Complaint, who to be served is still unknown.

- Motion to Waive Exemption and Request for Case Management Order (ECF No. 10)

     **GRANTED**.   The Court will issue a Case Management Order in this case, after the filing, screening and service of the Amended Complaint.

- Motion to Appoint Marshal to Serve Summons and Complaint (ECF No. 11)

     **GRANTED**.   As Plaintiff is proceeding *in forma pauperis*, the district court must bear the responsibility for issuing the plaintiff's process to a United States Marshals Office, who must affect service upon the defendants once the plaintiff has properly identified the defendants in the complaint.   *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996); Fed. R. Civ. P. 4(c)(2); 28 U.S.C. § 1915(d).   The Court will issue a separate order to the United States Marshals Office after Plaintiff files the Amended Complaint and the Court has had an opportunity to further screen that complaint.

- Motion to Order Plaintiff's Custodians to Provide Copies of Plaintiff's Grievances (ECF No. 12)

     **DENIED WITHOUT PREJUDICE**.   As the Court is ordering Plaintiff to file an Amended Complaint, copies of grievances are unnecessary at this time.   Until the Court has an opportunity to screen the Amended Complaint, the grievances at issue, if any, are unknown.

- Motion to Exclude Case from the Pro Se Prisoner Early Mediation Program (ECF No. 17)

> **GRANTED**.  This case, as currently filed, is not eligible for the program.

## V.

Accordingly, at this early stage of proceedings, what remains after screening under the PLRA are Plaintiff's claims made against the first named Defendant, Wayne County, asserting that policies at the Wayne County Jail are adversely affecting his ability to defend himself at his state criminal trial and to pursue his other civil suit, and the claims against Wayne County asserting that policies at the jail are resulting in the deliberate indifference to his serious mental and physical health conditions.

For now, the Court also retains the claims made against the other named defendants that are transactionally related to the two claims made against Wayne County.  The following is list of defendants that therefore remain in the case at present based upon what the Court could best discern from the Complaint:

| | |
|---|---|
| (1) Wayne County | (23) Dombrowski |
| (2) Washington | (27) Summit |
| (3) Dunlap | (28) Love |
| (4) Jaafar | (29) Tech |
| (9) Ramsey | (30) Smith |
| (10) Williams | (34) Hachem |
| (11) Dwyer | (35) Griffin |
| (19) Freeman Group | (45) Amalfirano |
| (21) Crawford | (46) Fishrey |
| (22) Cain | (49) Ali |

(50) Jane Doe 7                              (64) Ramirez
(51) Lohine                                  (65) Boyle
(52) Jane Doe 9                              (71) Record
(53) Jane Doe 10                             (76)  Wayne   County   Board
(54) Jane Doe 11                             members

Consequently, because much of the Complaint was illegible, **IT IS HEREBY**

**ORDERED** that on or before **December 5, 2025**, Plaintiff shall file an Amended

Complaint with the Court which is limited to (i) claims associated with policies at

the Wayne County Jail that are allegedly adversely affecting Plaintiff's ability to

defend himself in his state criminal trial and to pursue his other civil suit; and (ii)

claims asserting that policies at the jail are resulting in the deliberate indifference to

Plaintiff's serious mental and physical health conditions.  The Amended Complaint

must also make clear what each of the above-named Defendants did in regard to

these claims to avoid summary dismissal of those Defendants from this action.

When drafting the Amended Complaint, Plaintiff should consult Fed. R. Civ.

P. 8(a) ("Claim for Relief.") and Fed. R. Civ. P. 10 ("Form of Pleadings").  Plaintiff

might also consider making use of this district's form Complaint for a Civil Case,

which is available via the Court's website (www.mied.uscourts.gov).  Moreover,

"[a]ny amendment to a pleading, whether filed as a matter of course or upon a motion

to amend, must, except by leave of court, reproduce the entire pleading as amended,

and may not incorporate any prior pleading by reference."  E.D. Mich. LR 15.1.

**IT IS FURTHER ORDERED** that Plaintiff is **HEREBY WARNED** that a failure to comply with this Order may result in dismissal of this case with prejudice, pursuant to Fed. R. Civ. P. 41(b) and E.D. Mich LR 41.2.

**IT IS FURTHER ORDERED** that the following Defendants are **DISMISSED** for misjoinder, failure to state a claim, or lack of jurisdiction as indicated above:

| | |
|---|---|
| (5) Donoho-Rose | (42) Dr. 4 |
| (6) Knox | (43) Dr. 5 |
| (7) Turner | (44) Dr. 6 |
| (8) Boyer | (47) Boehmer |
| (12) Mitchell | (48) Reeves |
| (13) Twinn | (55) Verkennan |
| (14) Holman | (56) Allen |
| (15) Naphcare Inc. | (57) Cox |
| (16) Tanana | (58) Cannon |
| (17) Streete | (59) Illegible (John Doe 18) |
| (18) Mazolum | (60) Cook |
| (20) Unknown Mailroom Clerk | (61) Nutter |
| (24) Morris | (62) Herron |
| (25) Mason | (63) Jane Doe 11 |
| (26) Andrews | (66) Jones |
| (31) Stokes | (67) McKay |
| (32) Moore | (68) Watts |
| (33) Chapman | (69) John Doe 23 |
| (36) Haston | (70) John Doe 24 |
| (37) DRH | (72) Crawford |
| (38) DMC | (73) Rose |
| (39) Parker | (74) Barnhart |
| (40) Dr. 2 | (75) St. John |
| (41) Dr. 3 | |

**IT IS FURTHER ORDERED** that the pending motions filed at ECF Nos. 3, 7, 10, 11, 17 are **GRANTED**. Motions filed at ECF Nos. 4, 6 are **DENIED AS**

**MOOT**.   Motions  filed  at  ECF  Nos.  5,  8,  9,  12  are  **DENIED  WITHOUT**

**PREJUDICE**.

**IT IS SO ORDERED**.

Dated:  October 17, 2025                    s/Brandy R. McMillion
                                                         Hon. Brandy R. McMillion
                                                         United States District Judge